IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Stephanie Martineau,<br><br>    Plaintiff,<br><br>v.<br><br>Global Travel International, Inc.; and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: 1:14-cv-01190-RJJ<br><br>**DEMAND FOR JURY TRIAL** |

**FIRST AMENDED COMPLAINT & JURY DEMAND**

For this Complaint, the Plaintiff, Stephanie Martineau, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

3. The Plaintiff, Stephanie Martineau ("Plaintiff"), is an adult individual residing in Kalamazoo, Michigan, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant Global Travel International, Inc. ("GTI"), is a Florida business entity with an address of 1060 Maitland Center Commons, Suite 305, Maitland, Florida 32751-4129, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by GTI and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. GTI at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year, GTI placed calls Plaintiff's cellular telephone in an attempt to solicit to Plaintiff its services.

8. At all times referenced herein, GTI placed calls to Plaintiff's cellular telephone, number 269-xxx-8586, using an automated telephone dialer system ("ATDS") and an artificial or prerecorded voice.

9. GTI called Plaintiff from 925-529-8937.

10. When Plaintiff answered the calls from GTI, she was met with a prerecorded message that stated Global Travel International.

11. Plaintiff never provided her consent to GTI to be contacted on her cellular telephone by means of an automated telephone dialer system ("ATDS") and an artificial or prerecorded voice.

12. GTI's website on which it claims to have obtained Plaintiff's "consent" appears on Exhibit A.[1]

13. During a live conversation in or around May, 2014, Plaintiff advised GTI that she was not interested in services they were providing and demanded that all communication to her cellular telephone number cease.

---

[1] Exhibit A shows GTI's website as it appeared on May 17, 2014.

14. Despite the forgoing, GTI continued to call Plaintiff at an annoying and harassing rate, using an automated telephone dialer system ("ATDS") and an artificial or prerecorded voice.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Plaintiff never provided her consent to be contacted on her cellular telephone by means of an automated telephone dialer system ("ATDS") and an artificial or prerecorded voice.

17. Without prior consent GTI contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

18. GTI continued to place automated calls to Plaintiff's cellular telephone after being directed to cease calling and knowing that there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The telephone number called by GTI was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from GTI to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22.     Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Such other and further relief as may be just and proper.

### **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 24, 2015

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Stephanie Martineau
LEMBERG LAW, L.L.C.
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (888) 953-6237
Email: slemberg@lemberglaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 24, 2015, a true and correct copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system (ECF) which sent notice of such filing to the following:

Anthony M. Sciara
Daniel J. James
Harvey Kruse, P.C.
60 Monroe Center Street NW
Suite 500B
Grand Rapids, Michigan 49503

                                             By: /s/ Sergei Lemberg
                                                    Sergei Lemberg